UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND;
BUILDING SERVICE 32BJ LEGAL SERVICES FUND;
THOMAS SHORTMAN TRAINING & SCHOLARSHIP FUND;
BUILDING SERVICE 32BJ SUPPLEMENTAL RETIREMENT &
SAVINGS FUND,

**COMPLAINT**

          Plaintiffs,     17 Civ.

  -against-

FJC SECURITY SERVICES, INC.

          Defendant.

------------------------------------------------------------------------X

    Plaintiffs, Building Service 32BJ Health Fund, Building Service 32BJ Legal

Services Fund, Thomas Shortman Training & Scholarship Fund, and Building Service 32BJ

Supplemental Retirement & Savings Fund ("Funds"), by their attorneys Raab, Sturm &

Ganchrow, LLP, as and for their Complaint against FJC Security Services, Inc. (Defendant"),

respectfully allege as follows:

## NATURE OF ACTION

  1.  This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145),

(hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of

1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee

welfare benefit fund, an employee legal services fund and a supplemental retirement benefits

fund, for monetary and other equitable relief under ERISA and for breach of contract to secure

performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendant violated its collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

   (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

   (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

   (c) 28 U.S.C. Section 1331 (federal question); and

   (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on defendant in any other district in which they may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds

are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Local 32BJ Service Employees International Union, ("Union"), to invest and maintain those monies, and to distribute health insurance and retirement benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 25 West 18th Street, New York, NY 10011, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto Defendant was and continues to be a for-profit domestic corporation doing business in the District of Columbia and other jurisdictions, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, Defendant is party to a series of collective bargaining agreements (hereinafter the "Agreements") with the Union wherein, *inter alia*, Defendant became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for

Defendant's employees within the units set forth in the Agreements with the Union.  Defendant's principal place of business is believed to be located at 275 Jericho Turnpike, Bellerose Village, New York 11001.

## AS AND FOR A FIRST CLAIM FOR RELIEF

7.      The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this complaint, as if fully set forth herein.

8.      Pursuant to the Agreements, there became due and owing to the 32BJ Health Fund, Legal Fund, and Training & Scholarship Fund from Defendant the estimated amount of $1,512,137 in unpaid benefit contributions for the reporting period beginning June, 2013 through June, 2017.  Said contributions are payable through the Funds' electronic system of reporting and payment ("ESS Period"), whereby the Employer reports its eligible employees on line and makes the appropriate payments through electronic invoices.

9.      For the same reporting period, Defendant is also delinquent in its contractually-required contributions to the 32BJ Supplemental Retirement & Savings Fund (SRSP) in an unknown amount.  This is due to Defendant's consistent failure to report the monthly and/or weekly hours of its employees to the SRSP Fund, which is based on a contribution rate per hour for all covered employees of Defendant.  The Funds demand that Defendant report all applicable employee hours for the ESS Period to the Funds, so that the Funds may determine the amount of benefit contributions due,

10.     Defendant also is delinquent in its Fund contributions for the period of time previous to the ESS Period.  For the period beginning July 1, 2010 through May 31, 2013, Defendant has failed and refused to make its contractually required contributions on behalf of

eligible, reported employees in the principal amount of $401,586.

11.     Defendant is still further delinquent in payment of contributions on behalf of eligible, but unreported employees, as determined by the Funds' payroll compliance audit for the reporting period January 1, 2010 through May 31, 2013.   Defendant made partial payment of the audit findings, but has since failed and refused to make payment of the remaining findings, in the principal amount of $177,201.

12.     To date, none of the contributions contractually due to the Funds have been paid by the Defendant, although all contributions have been duly demanded and the Funds have been damaged in the aggregate principal amount of $2,090,924.00, along with an undetermined amount to the SRSP Fund for the ESS Period.

13.     The failure, refusal or neglect of Defendant to make the required contributions and reports to plaintiff Funds constitutes a violation of the Agreements between Defendant and the Union with respect to which plaintiffs Funds are third-party beneficiaries.

14.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amount due for the period set forth above.

## AS AND FOR A SECOND CLAIM FOR RELIEF

15.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 14 of this Complaint, as if fully set forth herein.

16.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

17.     Upon information and belief, at all times material hereto, Defendant failed

to pay or timely pay and/or submit the required monetary contributions and accurate reports to plaintiffs Funds when due.  Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

18.     Section 502 of ERISA (29 U.S.C. § 11132) provides that, upon a finding of an employee violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to a plaintiff Funds, the unpaid benefit contributions, plus statutory damages and interest on the unpaid principal both computed at the rate provided for under the plaintiffs Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

19.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of ERISA (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

20.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 19 of this Complaint as if fully sat forth herein.

21.     Pursuant to the terms and conditions of the Agreements, Defendant is required to timely pay and submit benefit contributions and reports to the Funds for so long as Defendant remains obligated to do so.

22.     Defendant has failed to pay and/or submit benefit contributions and Accurate reports to the Funds, and are currently in breach of its obligations under the Agreement.

Further, Defendant's failure to submit full contributions and accurate reports has occurred with regularity over the course of nearly three years.   Defendant's prior conduct demonstrates a significant likelihood that they will continue to breach the terms of the Agreements.

23.     The Funds have no adequate remedy at law to insure that Defendant will adhere to the terms of the Agreements.

24.     As a result of Defendant's omissions and breaches of contract and violations of federal law, the Funds may be required to a.) deny employee beneficiaries,  for whom contributions have not been made, the benefits provided under the benefit plans, thereby causing substantial and irreparable harm to said employee beneficiaries, or b.) to provide said beneficiaries the benefits, notwithstanding Defendant's failure to pay for said benefits, thereby reducing the corpus of the Funds and endangering the rights of all employee beneficiaries under the benefit plans, to their substantial and irreparable injury.

25.     The Funds will suffer immediate and irreparable harm unless Defendant, its officers, agents, servants, and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds.

26.     Accordingly, the Funds request that this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants and employees and   all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required contributions and reports to the Funds.

## AS AND FOR A FOURTH CLAIM FOR RELIEF

27.     The Funds repeat and re-allege each and every allegation contained in paragraphs 1 through 25 of this Complaint as if fully set forth herein

28.     Pursuant to the provisions of ERISA and the Agreements, Defendant is required to timely pay and submit benefit contributions and reports to the Funds.

29.     Defendant has failed to timely pay and/or submit contributions and reports to the Funds and are currently in breach of their statutory obligations under ERISA.   Defendant's prior conduct demonstrates a significant likelihood that it will continue to breach the aforementioned statutory obligations.

30.     The Funds have no adequate remedy at law to insure the Defendant will continue to adhere to its statutory obligations.

31.     As a   result of Defendant's omissions and breaches of contract, the Funds may be required to   a.) deny employee beneficiaries for whom contributions have not been made the benefits provided under the benefit plans, thereby causing substantial and irreparable harm to said employee beneficiaries, or to b.) provide said beneficiaries the benefits provided under the plans notwithstanding Defendant's failure to pay for said benefits, thereby reducing the corpus of the Funds and endangering the rights of all the employee beneficiaries covered by the plans, to their substantial and irreparable injury.

32.     The Funds will suffer immediate and irreparable harm unless Defendant, its officers, agents, servants and employees are enjoined from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports to the Funds.

33.     Accordingly, the Funds request this Court issue an injunction preliminarily and permanently enjoining Defendant, its officers, agents, servants and employees and all

persons inactive concert or participation with them who receive actual notice of this Order by personal service or otherwise from violating ERISA by failing, refusing or neglecting to pay and/or submit the required contributions and/or reports to the Funds.

**WHEREFORE,** plaintiff Funds demand judgment:

      a.      against Defendant for payment of all past due contributions in the estimated amount of $2,090,924.00 for the period beginning with January 1, 2010 through June, 2017;

      b.      against Defendant for payment of an as yet to be determined amount of past due contributions to the SRSP Fund for the period beginning June 1, 2013 through June 30, 2017;

      c.      ordering Defendant to enter into the Funds' ESS system all previously unreported employee hours for the period June 1, 2013 through June 30, 2017;

      d.      against Defendant for accrued prejudgment interest, liquidated damages, and reasonable attorneys' fees and costs on all contributions in accordance with ERISA § 502 (g)(2);

      e.      against Defendant for payment of all contributions which accrue during the pendency of this action, with accrued interest, liquidated damages and reasonable attorneys' fees and costs thereon, in accordance with ERISA § 502(g)(2);

      f.      for an Order permanently enjoining Defendant, its officers, agents, servants and employees and all persons in active concert and participation with them who receive actual notice of the Order by personal service or otherwise from failing, refusing or neglecting to

pay and/or submit the required monetary contributions and/or reports, in accordance with the applicable Agreements;

g.      for an Order permanently enjoining Defendant, its officers, agents, servants employees and all persons in active concert and participation with them who receive actual notice of the Order by personal service or otherwise from failing, refusing or neglecting to pay and/or submit the required monetary contributions and/or reports, in accordance with ERISA and the applicable Agreements.

h.      for such other and further relief as the Court deems just and proper.

Dated:    August 3, 2017

Raab, Sturm & Ganchrow, LLP
Attorneys for Plaintiffs

By: _____
    Michael Geffner   (MG 6785)
    2125 Center Avenue, Suite 100
    Fort Lee, New Jersey 07024
    (201) 292-0150
    mgeffner@rsgllp.com